IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PIPE FITTERS LOCAL UNION NO. 120 INSURANCE FUND, et al. | CASE NO. 1:04CV843 |
| Plaintiffs, | JUDGE PATRICIA A. GAUGHAN |
| v. | |
| KAPLAN MECHANICAL CORP., | |
| Defendant. | |

## AGREED JUDGMENT ENTRY

It appearing to the Court that a settlement has been reached whereby the parties consent to the following entry of judgment:

(1) It is therefore, ORDERED, ADJUDGED, AND DECREED, that the Plaintiffs, Pipe Fitters Local Union No. 120 Insurance Fund, Pipe Fitters Local Union No. 120 Pension Fund, Pipe Fitters Local Union No. 120 Annuity Fund, Pipe Fitters Local Union No. 120 Supplemental Unemployment Benefits Fund, Mechanical Contracting Industry Fund, Greater Cleveland Pipe Fitting Industry Training Fund, Pipe Fitters Local Union No. 120 Vacation Fund, Pipe Fitters Local Union No. 120 Per Capita Fund, Pipe Fitters Local Union No. 120 State U.A. Fund, Pipe Fitters Local Union No. 120 Scholarship Fund, Pipe Fitters Local Union No. 120 Anniversary Fund, Pipe Fitters Local Union No. 120 Work Preservation Fund, Pipe Fitters Local Union No. 120 C.O.P.E. Fund, Pipe Fitters Local Union No. 120 Mechanical Industry

Advancement Fund, and Pipe Fitters Local Union No. 120 (the respective funds and union hereinafter collectively referred to as the "Local 120 Funds/Union or "Plaintiffs""), were previously awarded judgment against Defendant, Kaplan Mechanical Corp. (hereinafter referred to as "Kaplan" or "Defendant"), the sum of Fifty-Four Thousand, Nine Hundred, Twenty-Eight Dollars and Seventy-Three Cents ($54,928.73) plus interest and the cost of filing.

(2)     It is further ORDERED that Defendant shall also be responsible to pay Plaintiffs' attorneys' fees costs incurred in attempting to collect the judgment, including but not limited to the contempt proceedings. An itemization of those attorneys' fees is attached hereto as Attachment A. .

(3)     It is further ORDERED that in order to satisfy the aforementioned judgment and attorneys fees and costs, that commencing October 6, 2005 and on the first day of each consecutive month thereafter, Kaplan shall pay no less than Five Thousand Dollars ($5,000.00) per month (plus the 1% compounded monthly interest) to the Local 120 Funds/Union c/o their depository account National City Bank, which monthly amount shall be in addition to those amounts otherwise owed in each such month based on the then-current Monthly Combined Reporting Form.

(4)     It is further ORDERED that Defendant agrees to sign the collective bargaining agreement with Plaintiff Union and otherwise comply fully with its terms and conditions.

(5)     In the event of default in payment, Defendant's Principal Officer, Sanford P. Kaplan shall be personally liable for any and all indebtedness.

(6)     It is further ORDERED that Defendant shall have the affirmative duty to provide information as may be requested by Plaintiffs, from time to time, relative to Defendant's business operations, finances, projects/jobs worked, etc.

(7)     It is further ORDERED that if said payments are made as stated above and the judgment is satisfied in full with accrued interest, the Local 120 Funds/Union shall cause to be filed with the Court a notice of satisfaction of the aforesaid judgment. However, if Kaplan fails to make any payment as set forth above, then the entire balance shall be due and payable.

(8)     It is further ORDERED that if Defendant violates any of the terms of this Agreed Judgment Entry, Kaplan and its Principal Officer Sanford P. Kaplan may upon order of the Court, be held in contempt of court and waive any notice, and all relief sought in Plaintiffs' Petition for an Order to Show Cause may be granted along with all other appropriate relief; further, the Local 120 Funds/Union shall be free to pursue any and all other legal procedures for the collection of their judgment.

(9)     It is further ORDERED that Kaplan shall at all times maintain in full force and effect the required surety bond posted in favor of Pipe Fitters Local Union No. 120. Should Defendant default on any of the above-described payments, Plaintiffs shall have the absolute right to deduct and otherwise receive such amounts from the surety bond.

(10)    It is further ORDERED that this case shall be dismissed without prejudice with Defendant to pay costs.

(11)    It is finally ORDERED that the Court shall retain jurisdiction over this matter to ensure compliance with these terms.

IT IS SO ORDERED.

DATE: _10-6-05_

Patricia A. Gaughan
U.S. District Judge

3

APPROVED:

*[signature]*

Joseph C. Hoffman, Jr. (Ohio Reg. No. 0056060)
D. James Petroff (Ohio Reg. No. 0042476)
Faulkner, Muskovitz & Phillips, LLP
820 W. Superior Ave., 9th Floor
Cleveland, Ohio 44113-1800
ATTORNEY FOR PLAINTIFFS

-and-

Pipe Fitters Local Union No. 120 Insurance Fund, et al. (Plaintiffs), by

*[signature: Edward J Gallagh]*
its: Fund Manager BM/FST

-and-

*[signature]*
Sanford P. Kaplan

-and-

Kaplan Mechanical Corp. (Defendant), by

*[signature]*
Sanford P. Kaplan, Principal Officer

4